# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JESSICA MEGHINASSO,

    Plaintiff,

v.

MERCEDES-BENZ USA LLC, *et al.*,

    Defendants.

Case No. C17-5930 RAJ

ORDER

    This matter is before the Court on the parties' Local Civil Rule ("LCR") 37 submission regarding Defendants' motion to compel Plaintiff's experts to answer questions about the preparation of their reports. (Dkt. # 86.) Defendant also previously filed a letter regarding this discovery dispute. (Dkt. # 79.) The Court heard oral argument on May 18, 2021. (Dkt. # 110.) Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court orders that Defendants' request is granted in part and denied in part for the reasons discussed below.

    The parties dispute whether Plaintiff's expert, Dr. Brett, must answer questions regarding any changes he made to his expert report, including any edits or revisions.[1] Defendants raise

---

[1] At oral argument, the parties clarified that the only remaining dispute concerns questions posed to Dr. Brett.

ORDER - 1

concern that Plaintiff's counsel prepared the expert report and that Dr. Brett had little, if any, role in its preparation. (Dkt. # 86.) Defendants therefore argue the report fails to comply with Federal Rule of Civil Procedure 26 that requires experts to submit a report "prepared and signed by the witness." (*Id.* at 2 (citing Fed. R. Civ. P. 26(a)(2)(B)).)

The Court initially heard argument via a telephonic conference on April 21, 2021. During that conference, the Court ordered that Plaintiff allow deposed expert witnesses to answer whether they drafted their expert reports. (Dkt. # 75.) The Court found that while Defendants are entitled to ask whether the expert drafted portions of the report. (Dkt. # 80.)

Subsequently, the parties filed the instant LCR 37 submission regarding Plaintiff's objections to the following questions during Dr. Brett's deposition:

> Q. The first of that is going to be, Dr. Brett, after that meeting with Mr. Samson did Mr. Samson then send you a draft report?
> A. Yes.
> Q. And did you make any edits to that draft report?
> MR. SAMSON: Objection. Don't answer that question, Doctor.
>
> Q. Did you draft any particular sections of the report that were not already included?
> MR. SAMSON: Same objection and do not answer.

Plaintiff asserts these questions are improper because they implicate the work product doctrine. (Dkt. # 86 at 9-11.)

Rule 26(a)(2)(B) provides:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the facts or data considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;

ORDER - 2

    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(b)(4)(B), (C) provides:

 (B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any reports or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

 (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witness.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

    (i) relate to compensation for the expert's study or testimony;

    (ii) identify facts or data that the party's attorney provided that the expert considered in forming the opinions to be expressed; or

    (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Thus, Rule 26 protects draft reports and expert-attorney communications that do not fall within one of the enumerated exceptions.

  Here, the Court finds Dr. Brett is required to answer Defendants' first question regarding whether he made edits to his report. The purpose of this question is not to disclose any draft of the report or any expert-attorney communications. Rather, it addresses what portions of the report Dr. Brett worked on himself. Significantly, Dr. Brett testified that Plaintiff's counsel sent him the draft report. Defendants should be permitted to inquire what parts of the final report Dr. Brett actually *prepared*.

  Further, Rule 26(b)(4) does not apply when counsel provides facts or data considered by an expert, or assumptions relied upon by an expert, that are "cooked" into the final report.

*Johnson v. City of Rockford*, No. C15-50064, 2018 WL 1508482 (N.D. Ill. Mar. 27, 2018)*; see also United States ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498 (N.D. Tex. 2016). If counsel provided the draft report to Dr. Brett, and Dr. Brett did not make any changes before submitting the final report, he necessarily would have considered or relied upon the information provided by counsel. This information is not protected. Policy considerations support this conclusion to both deter ghost writing of expert reports by counsel and to allow for cross-examination to help assess the credibility, weight, and admissibility of an expert's opinion. Regardless, Defendants currently seek only information regarding which portions Dr. Brett revised or edited, not disclosure of any drafts or communication regarding those changes.

In support of its opposition to Defendants' motion to compel, Plaintiff directs the Court to cases applying the work product doctrine to draft expert reports and to expert-attorney communications. (Dkt. # 86 at 10 (citing, *e.g.*, *Vista Hospice Care*, 319 F.R.D. 498; *Carpenter v. Deming Surgical Assocs.*, No. C14-64 JCH/SCY, 2015 WL 13662880 (D.N.M. Apr. 20, 2015); *United States Commodity Futures Trading Comm'n v. Newell*, 301 F.R.D. 348 (N.D. Ill. 2014)).) However, as discussed above, Defendants' question merely asks what sections of the final report Dr. Brett changed, it does not seek disclosure of drafts or protected communications. Accordingly, the cited authority is unpersuasive with regard to the instant dispute.

However, the Court declines to order Dr. Brett to answer Defendants' second question regarding whether he drafted any sections of the report that were already included in the draft report when he received it. This question concerns the preliminary, rough version of the report that was exchanged between an expert and attorney and reveals what occurred during the drafting process. The Court finds this information is protected.

Defendants also ask for an award of fees and costs associated with its motion and reopening depositions pursuant to Rule 37(b)(2)(C). (Dkt. # 86 at 6.) Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court finds that because the application of the work product doctrine in this matter is a close call, imposition of an award of fees and costs is unwarranted. Further, neither the Court nor the parties had the benefit of briefing during the initial telephonic conference when the Court first addressed this dispute. Accordingly, Defendants' request is denied.

For the foregoing reasons, Defendants' letter (dkt. # 79) and motion to compel (dkt. # 86) are granted in part and denied in part. The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 20th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge