The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA MEGHINASSO,

    Plaintiff,

v.

MERCEDES-BENZ USA, LLC, and DAIMLER AG,

    Defendants.

Case No. 3:17-cv-05930-RAJ

**ORDER STRIKING THE PARTIES' MOTIONS TO SEAL**

This matter comes before the Court on Plaintiff Jessica Meghinasso's Motions to Seal (Dkt. ## 98, 104, 123, 133, 143, 156, 163, 169, 189) and Defendants Daimler AG and Mercedes-Benz USA, LLC's Motions to Seal (Dkt. ## 92, 117, 138, 149, 182). For the reasons stated below, the Court **STRIKES** the parties' motions.

## I.    BACKGROUND

Plaintiff Jessica Meghinasso ("Plaintiff or "Meghinasso") filed a product liability action against Defendant Mercedes-Benz USA, LLC and its parent company, Daimler AG (collectively "Defendants"), alleging that she was injured when the headrest of her Mercedes-Benz CLS 500 spontaneously deployed while she was sitting in the front passenger seat. Dkt. # 1 at 1-1.

ORDER – 1

The parties have stipulated to a protective order. Dkt. # 28. Under that order, they may designate certain documents as "CONFIDENTIAL" if those documents contain "Defendants' specifications, designs, engineering, testing, customer information, costs or pricing, data compilations requested in discovery, material subject to a government agency's confidentiality procedures, non-public business records, or discussions of the foregoing, personal data controlled by applicable data protection or privacy regulations, and plaintiff's medical records." *Id.* at 2. The parties have done just that and have now attached many confidential documents to various motions pending before the Court.

## II.   DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (internal quotation marks omitted).

Under Rule 26(c), a trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). As the Supreme Court has recognized, sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. The party seeking to seal a judicial record, however, must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

ORDER – 2

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B). And where the parties have entered a litigation agreement or stipulated protective order governing the exchange of documents in discovery, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B). Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion. *Id.*

The number of sealing motions here is overwhelming. The argument offered in support is underwhelming. In many instances, though not all, the parties have resorted to blanket, conclusory assertions or simple reference to the Protective Order. *See, e.g.*, Dkt. # 98 at 1-2 ("This motion is brought pursuant to the Stipulated Protective Order entered on April 18, 2019 between Defendants and Plaintiff."). This approach does not overcome the weighty presumption of public access to court filings, nor does it comply with the local rules. W.D. Wash. Local Rules LCR 5(g)(3)(B) ("Evidentiary support from declarations must be provided where necessary."). This Court cannot allow documents to remain under seal unless the parties better articulate their reasons for doing so. *Apple Inc. v. Phystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). And the Court will not sift through the motions to determine which ones were made in earnest and which were not.

Accordingly, the Court **STRIKES** the parties' Motions to Seal. Dkt. ## 92, 98, 104, 117, 123, 133, 138, 143, 149, 156, 163, 169, 182, 189.

### III.   CONCLUSION

The Court will not accept motions to seal that fail to comply with the Local Rules and offer only boilerplate reasons to seal documents from the public domain. The Parties are hereby **ORDERED** to meet and confer and file a joint statement concisely consolidating their positions on any materials for sealing by **September 1, 2021**.

The joint statement, as discussed with the parties on the August 18, 2021 teleconference, must include (i) specific examples of harm from the designating party that would result from allowing the submitted materials, or portions thereof, into the public domain and (ii) articulated reasons as to why alternatives to sealing would be insufficient.

The joint statement must include a chart of the parties' positions in the form below.

| ECF No. | Detailed Document Description | Designating Party | Specific Harm to Business Interests | Reasons why alternatives to sealing, such as redactions, are insufficient |
|---|---|---|---|---|
|  |  |  |  |  |

The parties must jointly submit to the Court a digital copy of the proposed materials for sealing. The documents in the flash drive must appear in the order that they appear in the chart. Where the designating party is proposing that only portions of a document be sealed, the redacted version shall immediately precede the document for sealing.

The Court may later instruct the parties to jointly submit a physical courtesy copy of the proposed materials for sealing in a tabbed three-ring binder. The instructions for the digital copy shall apply all the same to this physical copy: The documents in the binder must be in the order that they appear in the chart. Where the designating party is proposing that only portions of a document be sealed, the redacted version shall immediately precede the document for sealing in the tabbed binder.

ORDER – 4

Should the parties engage in a needless and protracted effort to seal materials without regard for court rules, the Court will impose sanctions on the offending party.

For the reasons stated herein, the Court **STRIKES** the parties' Motions to Seal. Dkt. ## 92, 98, 104, 117, 123, 133, 138, 143, 149, 156, 163, 169, 182, 189.

DATED this 18th day of August, 2021.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 5