UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA MEGHINASSO,<br><br>                    Plaintiff,<br><br>     v.<br><br>MERCEDES-BENZ USA, *et al.*,<br><br>                    Defendants. | CASE NO. C17-5930-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |

## I.     INTRODUCTION

This matter comes before the Court on the parties' motions to seal numerous documents. At the request of the Court, the parties filed a consolidated Joint Submission Re Proposed Materials for Sealing, which the Court now considers as a motion. Dkt. Nos. 198, 202. Also before the Court is Plaintiff's motion to seal two documents filed with her response to the Court's Order to Show Cause. Dkt. No. 209. This order addresses both motions to seal.

## II.     BACKGROUND

Plaintiff Jessica Meghinasso ("Plaintiff or "Meghinasso") filed a product liability action against Defendant Mercedes-Benz USA, LLC and its parent company, Daimler AG (collectively

"Defendants"), alleging that she was injured when the headrest of her Mercedes-Benz CLS 500 spontaneously deployed while she was sitting in the front passenger seat. Dkt. No. 1 at 1-1.

The parties have stipulated to a protective order. Dkt. No. 28 (the "SPO"). Under that order, they may designate certain documents as "CONFIDENTIAL" if those documents contain "Defendants' specifications, designs, engineering, testing, customer information, costs or pricing, data compilations requested in discovery, material subject to a government agency's confidentiality procedures, non-public business records, or discussions of the foregoing, personal data controlled by applicable data protection or privacy regulations, and plaintiff's medical records." *Id.* at 2.

The parties filed motions for summary judgment and moved to seal certain documents filed with those motions under seal. Dkt. Nos. 92-94, 104, 106, 107, 109, 132, 138, 141-143, 146, 147, 149, 156, 159, 160. In addition, both parties moved to strike some of the opposing party's expert reports and anticipated expert testimony and moved to file documents related to the motions under seal. Dkt. Nos. 98, 100-102, 117, 118, 120, 123, 128-130, 135, 151, 153, 155, 163, 165.

The Court issued an order striking Plaintiff's Motions to Seal (Dkt. Nos. 98, 104, 123, 133, 143, 156, 163, 169, 189) and Defendants' Motions to Seal (Dkt. Nos. 92, 117, 138, 149, 182). *See* Dkt. No. 197. The Court held that the parties had not sufficiently supported their requests to file the documents under seal and ordered the parties to meet and confer and file a joint statement concisely consolidating their positions on any materials for sealing. *Id.* The parties subsequently filed their joint statement, Dkt. No. 198, which the Court noted on the motions calendar as a motion to seal, Dkt. No. 202. The Court now considers that joint motion.

The Court also considers Plaintiff's subsequently filed motion to seal two documents she filed with her response to the Court's order to show cause, along with Defendants' opposition.

1 | Dkt. Nos. 209, 216, 218. The parties dispute whether there is sufficient basis to seal Exhibit Nos.
2 | 1 and 5 to the Declaration of Nathan L. Nanfelt, as well as the substantive references to the
3 | exhibits in Plaintiff's Response to Order to Show Cause.

4 | **III.    DISCUSSION**

5 | Courts have recognized a "'general right to inspect and copy public records and
6 | documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*,
7 | 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,
8 | 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, "a strong presumption
9 | in favor of access is the starting point." *Id.* at 1178 (cleaned up).  This presumption, however, "is
10 | not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v.*
11 | *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (citing *San Jose Mercury News, Inc. v. U.S.*
12 | *Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

13 | The standard for determining whether to seal a record depends on the filing to which the
14 | sealed record is attached and whether those records are "more than tangentially related to the
15 | merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-1102 (9th Cir.
16 | 2016). If the records at issue are more than tangentially related to the merits of the case, the court
17 | must apply the "compelling reasons" standard to the motion to seal. *See id.* If the records are
18 | only tangentially related to the merits, the party seeking to seal the records need only show
19 | "good cause" to seal those records. *See id.*

20 | Additionally, in the Western District of Washington, parties moving to seal documents
21 | must comply with the procedures established by Local Civil Rule ("LCR") 5(g). Under that rule,
22 | the party who designates a document confidential must provide a "specific statement of the
23 | applicable legal standard and the reasons for keeping a document under seal, including an
24 | explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the

injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). The parties state that they have met and conferred regarding the pending motions to seal as required by the Court's Local Rules. Dkt. Nos. 198, 209 at 1.

### A. Motion to Seal Response to Court's Order to Show Cause

Plaintiff has filed a motion to seal relating to her response to the Court's order to show cause and Exhibits 1 and 5 to the Declaration of Nathan Nanfelt filed with that response. Dkt. Nos. 209-213. Exhibit 1 to Docket Number 213 already exists under seal in the Court's record at Docket Number 153, but Plaintiff has submitted it again "for ease of reference." Dkt. No. 209 at 1.[1] The Court has not ruled on whether the prior submission may remain under seal. Plaintiff previously submitted the document in connection with her motion for discovery-related sanctions, and she submits it now as part of her response to the Court's order to show cause regarding whether a supplemental expert report is necessary. Because those issues are related to discovery, a good cause standard applies. *See e.g., Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Las Vegas Sun, Inc. v. Adelson*, 2021 WL 1042673 (D. Nev. Mar. 18, 2021) (applying a good cause standard to a motion to seal documents related to a discovery-related motion for sanctions).

Plaintiff has moved to file Exhibit 1 under seal because Defendant has designated the document as Confidential under the SPO, but Plaintiff argues that Defendants have not made the particularized showing necessary to keep it under seal. Dkt. No. 209. Defendants respond that Exhibit 1 consists of confidential product development and testing documents provided to Daimler AG by a third-party supplier, Adient. Dkt. No. 216 at 2. As successor to Keiper, Adient

---

[1] In the future, the parties may cite to documents already in the record as set forth in Local Civil Rule 10(e)(6) rather than filing additional copies of the document.

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL - 4

has designated the documents as confidential pursuant to the SPO, and Defendants argue that Adient provided the documents to Daimler AG "with the express condition that its confidentiality be maintained" and that the confidential business information therein could be used by Adient's competitors to Adient's detriment. *Id.* In their joint submission, the parties note that the document cannot be redacted because it does not contain any non-confidential information and redacting the document under those circumstances would render the document unusable. Dkt. No. 198 at 12.

After reviewing Exhibit 1, the Court finds that Defendants have made a sufficient, particularized showing of good cause to keep Exhibit 1 under seal because it contains sensitive business information from a third-party supplier that could be used unfairly by competitors to harm the third party's business interests. There are no less restrictive but effective options to sealing the document. *Nixon*, 435 U.S. at 598 (explaining that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing"); *Washington v. Franciscan Health Sys.*, 2019 WL 3494382, at *2 (W.D. Wash. Mar. 12, 2019) (granting a motion to maintain redactions of "business information that could be used to harm Defendants' or third parties' competitive standing."). While "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (cleaned up), here, Defendants have set forth specific reasons to protect the information. Therefore, Exhibit 1 can remain under seal.[2]

Exhibit 5 is the July 2021 supplemental expert report of Mr. Thomas Fries that discusses his opinion of the design testing in Exhibit 1. Plaintiff argues that Defendants have not made a

---

[2] For the same reasons, the previously filed version of the same document at Docket Number 153 can remain under seal too.

particularized showing of the need to seal the supplemental report. Defendants argue that the same reasons that justify sealing Exhibit 1 justify sealing the supplemental report, which describes and analyzes the information in Exhibit 1. In the same vein, Defendants argue that Plaintiff's response to the Court's order to show cause should remain under seal because the response describes the confidential information in Exhibit 1.

The Court finds that Defendants have demonstrated good cause to maintain Exhibit 5 and Plaintiff's response to the order to show cause under seal for the same reasons Exhibit 1 can be maintained under seal. Furthermore, the redacted versions of those documents, Dkt. Nos. 210, 211-5, satisfy the public's need for information about the issue. Therefore, the Court grants Plaintiff's motion to seal and Docket Numbers 212 and 213 can remain under seal.

**B.      Joint Submission Regarding Other Motions to Seal**

Defendants also seek to maintain numerous additional documents under seal, as reflected in the parties' joint submission setting forth their positions regarding sealing those documents. Dkt. No. 198 at 2. As a threshold matter, the Court ordered the parties to file "a joint statement concisely consolidating their positions on any materials for sealing," but Plaintiff did not include in the joint statement her position on any of the materials that Defendants seek to maintain under seal. Dkt. Nos. 197 at 4; 198.  Therefore, the Court will assume that Plaintiff does not oppose any of Defendants' requests to maintain the additional documents under seal, and the Court will consider whether Defendants have met the applicable standard to maintain those documents under seal.

**1.      Deposition of Theodore Vaughan**

Defendants seek to seal portions of the deposition of Rule 30(b)(6) designee Theodore Vaughan that the parties filed with their cross motions for summary judgment. Dkt. Nos. 93, Ex. A, 147-1, 107-2, 160-2. The compelling reasons standard applies to documents filed in

conjunction with the parties' dispositive motions. *See, e.g., Kamakana*, 447 F.3d at 1179. Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

The Court does not find compelling reasons to seal the cited portions of Mr. Vaughan's deposition. Defendants argue that the filed pages contain personal identifying information and health information about their customers, but the deposition pages that are in the record do not contain the names of customers or other personal information that could be used to identify them. Defendants also contend that the information in the deposition contains "confidential business information that could be used by competitors." Dkt. No. 219 at p. 1. That vague statement, unsupported by any specifics, is insufficient to meet Defendants' burden of demonstrating compelling reasons to maintain the documents under seal. Therefore, Defendants have not provided compelling reasons to maintain the following documents under seal: Dkt. Nos. 93, Ex. A, 107-2, 107-3, 147-1, and 160-2.

**2. Deposition of Rene Ham and Exhibit Thereto**

Defendants seek to maintain under seal portions of the deposition of Rene Ham that they allege address the following topics: specifications provided to a supplier to be used in proprietary product development; confidential testing and product development information; confidential, proprietary business information regarding the development and design of a Daimler vehicle,

which may be harmful if used by a competitor; and internal product analysis processes and the particular information collected as a part of that process that cannot be redacted because the form itself is proprietary. Dkt. No. 219 at 2-3.

Some of the deposition excerpts were filed in connection with the parties' summary judgment motions, and others were submitted in connection with discovery related motions. Applying the higher "compelling reasons" standard to both documents, the Court finds that compelling reasons exist to seal most of the excerpts of Rene Ham's deposition. Most of the cited pages contain confidential information regarding the design of a component and communications about the same between Defendants and a supplier, the disclosure of which could harm Defendants' business. However, pages 86-89 of Ham's testimony do not contain such information. Those pages contain testimony regarding customer complaints, and the joint submission does not argue that that testimony is sensitive or should remain sealed.

Therefore, although Docket Number 93, Exhibit B can remain under seal, Defendants shall submit a revised version of that exhibit that does not seal pages 86-89 of Ms. Ham's testimony. Compelling reasons exist to allow the following deposition excerpts to remain under seal: Dkt. Nos. 101-4, 101-5, 107-4, 107-5, 118, 142, 173-4, and 173-5.

### 3. Product Design and Testing Records

Defendants have moved to maintain various business records under seal that contain product design and/or testing information. Specifically, Defendants have moved to maintain Docket Number 188 under seal; they identify that single-page document as the Keiper Sensormodul specifications, a confidential engineering drawing of the Neck-Pro head restraint system. Because that document was submitted in connection with a discovery motion, the good cause standard applies. The Court finds that good cause exists to maintain the document under seal because it contains confidential and proprietary engineering information that could be used

by Defendants' competitors to Defendants' competitive detriment. Therefore, Docket Number 188 may remain under seal.

Defendants also seek to maintain Docket Number 101-7, 107-6, and 173-2 under seal; all three docket entries contain the same document. Because one of those submissions was in support of a dispositive motion, the Court applies the compelling reasons standard. The Court finds that compelling reasons exist to maintain the documents under seal because they contain proprietary business information regarding Daimler's vehicle design process, including specifications given to its supplier, that could harm its business interests if disclosed to competitors.

In the same vein, Defendants seek to seal Docket Number 101-6, submitted with Plaintiff's Motion to Strike. Good cause exists to seal that document because it describes the design specifications for a component of a Daimler vehicle, which is confidential business information that could be used by competitors to Defendants' detriment.

Defendants also seek to seal Docket Numbers 147-2 and 160-1, which appear to be the same document in German and English, respectively, that Plaintiff submitted in connection with the parties' dispositive motions. The Court finds compelling reasons to maintain the documents under seal because they contain detailed product development and testing information that is sensitive to a non-party because it could harm its competitive interests.

Defendants also seek to seal the Declaration of Dr. Thomas Livernois. Dkt. No. 155. In his expert declaration, Dr. Livernois discusses the testing data at Docket Number 153.[3] Defendants have also submitted a redacted version of Dr. Livernois' declaration, which was submitted in support of Defendants' motion for summary judgment. Dkt. No. 154. The Court

---

[3] As discussed above in Section III.A, Docket Number 153 will remain under seal.

finds compelling reasons to maintain the declaration under seal because it discusses and includes detailed product development and testing information that is sensitive to a non-party because it could harm its competitive interests. Therefore, Docket Number 155 can remain under seal.

Defendants also seek to seal a Keiper test report submitted with Plaintiff's motion for sanctions. Dkt. No. 173-3. Good cause exists to seal that document because it contains confidential development and testing documents provided to Daimler by a third-party supplier that could be used by that third-party's competitors. Therefore, Docket Number 173-3 can remain under seal.

The following memoranda can remain under seal because they discuss the confidential documents set forth above and because the parties have filed redacted versions of the memoranda: Docket Numbers 100, 106, 120, 128, 135, 141, 146, 151, 159, 165, 172, 187, and 191.

### 4. Spreadsheets and Logs

Defendants have moved to seal various spreadsheets and customer service logs because they contain the Vehicle Identification Numbers ("VINs") for cars owned by individuals and some of their health information. Those documents were filed in connection with a summary judgment motion. Dkt. Nos. 93, Ex. A, 107-7. The health information in those documents is minimal and related to customers' complaints about their vehicles.

The Court finds that Defendants have not shown compelling reasons to seal those documents. The parties have already redacted the individuals' names from the documents, and the VINs can be redacted while leaving all of the other information in the documents intact and legible. Without the VINs or names, the individual customers are not readily identifiable.

Even though compelling reasons do not justify sealing all of Docket Number 93, the Court does not order it unsealed because it contains multiple exhibits filed as a single document.

While Exhibit B, the transcript of Ms. Ham's deposition, may remain under seal, Defendants have not demonstrated good cause to seal Exhibit A, which includes the deposition of Mr. Vaughan and the spreadsheets. Therefore, Docket Number 93 can remain under seal, but Defendants shall file an amended copy in which the deposition of Mr. Vaughan and the spreadsheets are not sealed.[4] Defendants may redact the VIN numbers from the spreadsheets.

### 5. Unaddressed Docket Entries

The parties' joint submission does not address some documents that remain under seal. Therefore, in the absence of good cause or compelling reasons, the Court will unseal the following documents under the circumstances set forth in the conclusion below: Docket Numbers 101-1, 101-2, 101-3, 101-8, 101-9, 107-1,[5] 107-8 through 107-16 inclusive, 129, 130, 132, 173-1.

### IV. CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Seal (Dkt. No. 209) and GRANTS IN PART AND DENIES IN PART the parties' joint submission regarding proposed materials for sealing (Dkt. No. 198). The documents currently under seal in the docket can remain under seal except Dkt. Nos. 101-1, 101-2, 101-3, 101-8, 101-9, 107-1, 107-2, 107-3,

---

[4] For the same reasons, the Court does not agree to Defendants' proposed redactions at page 5 to the Court's prior order at Docket Number 208. The Court will allow that order to remain under seal and file a redacted version that does not include Defendants' proposed redactions at page 5.

[5] In the parties' Amended Appendix A to Joint Submission, Defendants stated that they are unable to access the documents Plaintiff filed under seal at Docket Entry 107 "and thus cannot identify for the Court which of the 16 subdocket entries reflect the documents they seek to … ask the Court to keep sealed." Dkt. No. 219 at 1 n.1. That statement, and the abdication of responsibility it reflects, are inconsistent with the Court's prior order that the parties meet and confer and file a joint statement on the issue, and inconsistent with Defendants' responsibilities under Local Civil Rule 5(g). Dkt. No. 197 at 4. The parties should have discussed those exhibits in their meet and confer. Even if Defendants did not know the precise subdocket numbers, they could have referred to the exhibits by exhibit number and/or substantive content in the Appendix, but they did not for most of the 16 exhibits at Docket Entry 107. Furthermore, Defendants do not claim that they never received a copy of Plaintiff's exhibits at Docket Entry 107 filed with Plaintiff's motion for partial summary judgment.

107-7 through 107-16 inclusive, 129, 130, 132, 147-1, 160-2, 173-1. Within seven days of the date of this order, Defendants shall:

1. file an amended copy of Docket Number 93, Exhibit A in which the deposition of Mr. Vaughan and the spreadsheets are not sealed, or else withdraw it from the record pursuant to Local Civil Rule 5(g)(6); and

2. file an amended copy of Docket Number 93, Exhibit B that does not seal pages 86-89 of Ms. Ham's testimony, or else withdraw it from the record pursuant to Local Civil Rule 5(g)(6).

In addition, pursuant to Local Civil Rule 5(g)(6), Defendants shall have seven days from the date of this order to withdraw the following documents from the record rather than unseal them: Docket Numbers 101-1, 101-2, 101-3, 101-8, 101-9, 107-1, 107-2, 107-3, 107-7 through 107-16 inclusive, 129, 130, 132, 147-1, 160-2, 173-1. If a document is withdrawn on this basis, the parties shall not refer to it in any further pleadings, motions or other filings, and the court will not consider it. After fourteen days, the Clerk will unseal the docket entries listed in this paragraph unless those documents are withdrawn before then.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of February, 2022.

*Lauren King*
Lauren King
United States District Judge